# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| CALS IFENATUORA, | : | |
| Petitioner, | : | |
| v. | : | CASE NO. 4:09-CV-153 CDL |
| ERIC HOLDER, | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On December 8, 2009, Petitioner Ifenatuora, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1). On February 16, 2010, Respondents filed a pre-answer Motion to Dismiss and a Memorandum in support of same. (R-10). Petitioner was notified of the pending motion to dismiss and filed a response on March 5, 2010. (R-12). Petitioner then filed a Supplemental Brief in Response on March 9, 2010 (R-13), Supplemental Exhibits on March 23, 2010 (R-15), and an unauthorized Surrreply on April 1, 2010 (R-16).

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. (R-1).

2. On May 15, 1982, Petitioner was admitted to the United States as a student, with an immigration classification of F-1. (R-10-2, Exhibit A). On July 5, 1983, Petitioner's status was adjusted to that of a Legal Permanent Resident. *Id*.

3. On January 17, 1992, Petitioner was convicted of mail fraud in violation of 18 U.S.C. § 1341, in the United States District Court, District of Maryland, and sentenced to 24 months incarceration. *Id.*

4.   On January 17, 1997, Petitioner was convicted in the United States District Court, Eastern District of California at Sacramento, of the unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(2)(b)(1), and sentenced to 37 months incarceration. *Id.*

5.   On September 22, 1998, Petitioner was served with a Notice to Appear by the Immigration and Customs Enforcement agency (ICE). The NTA notified Petitioner he was removable pursuant to INA § 237(a)(2)(A)(ii) and § 237(a)(2)(A)(iii), as he had been convicted of two crimes involving moral turpitude and as an aggravated felon, respectively. (R-10-2, Exhibit B).

6.   On July 19, 2006, a final removal order was issued against Petitioner in absentia because Petitioner failed to appear for the hearing. (R-10-2, Exhibit C).

7.   On June 16, 2009, Petitioner was taken into custody by ICE. (R-10-2, Exhibit A).

8.   On September 30, 2009, the Board of Immigration Appeals denied Petitioner's Motion to Reopen his case after originally finding on July 3, 2009, that it lacked the authority to hear his claims. (R-10-2, Exhibits D, E).

9.   On November 5, 2009, Petitioner filed an Appeal of the BIA's decision, wherein the Eleventh Circuit Court of Appeals granted Petitioner a temporary stay of removal. (R-10-2, Exhibit F). Unbeknownst to ICE, Petitioner was scheduled to board a flight to Nigeria on January 26, 2010. Upon learning of the stay, Petitioner's name was removed from the passenger manifest of the January 26, 2010, flight and his interview with the Nigerian Consulate to obtain travel documents was cancelled. (R-10-2, Exhibit A).

10.  On December 8, 2009, Petitioner filed the current petition for Writ of Habeas Corpus. (R-1).

## LEGAL STANDARD

The standard for a Motion to Dismiss was altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S. Ct. 1969 (1957). *Twombly*, 127 S. Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard

2

in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981)).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1965).

## DISCUSSION

In his Application, the Petitioner argues that he was granted a "Deferral of Removal

under the Convention Against Torture- Article 111." (R-1, p. 2). He contends that the Department of Homeland Security appealed that decision, which was affirmed on December 10, 2002. *Id.* Petitioner further claims that on January 24, 2003, DHS filed a motion to reopen his "deferral of Removal grant." *Id.* After he failed to appear, the Immigration Judge entered an absentia removal order. *Id.* Petitioner was picked up by ICE, and has been in their custody, since June 16, 2009. *Id.* Petitioner claims he must be released after six months of being in custody pursuant to *Zadvydas*, and that he is being held in harsh conditions and has developed high blood pressure. *Id.* Therefore, Petitioner requests that his writ of habeas corpus be granted and that he be released. *Id.* In response to the Respondent's Motion to Dismiss, Petitioner now claims that he is, in fact, a Gambian citizen, not a Nigerian citizen. (R-12).

## **Application of the Law**

Petitioner's detention by the INS pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[1] *See*

---

[1] 8 U.S.C. § 1231(a)(1)(B) provides:
   The removal period begins on the latest of the following:
   (i) The date the order of removal becomes administratively final.
   (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B). During the 90-day period, Congress has mandated detention of the alien ordered removed. *See* INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). The Attorney General may continue to detain an alien after the expiration of the ninety-day removal period. 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court found that section 241(a) of the INA authorizes detention after entry of an administratively final order of deportation/removal for a period "reasonably necessary" to accomplish the alien's removal from the United States. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal. *Id*. at 701.

The six month presumption does not mean that every detainee not removed must be released after six months. To the contrary, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. Additionally, the Court of Appeals for the Eleventh Circuit determined that "to state a claim under *Zadvydas*, the alien must not only show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

In this case, Petitioner was taken into custody by Ice on June 16, 2009, and filed the current petition on December 8, 2009, prior to the presumptively reasonable six month post-removal order detention period as stated in *Zadvydas*. Furthermore, when Petitioner appealed the BIA's decision to the Eleventh Circuit Court of Appeals, and his request for

5

a stay or removal was granted by the appellate court, ICE halted all removal efforts. To date, no ruling has been made by the Court on Petitioner's case. For those reasons, Petitioner's current application for habeas corpus relief is premature.

Furthermore, nowhere in his petition (R-1), his Response to the Respondent's Motion to Dismiss (R-12), nor his Supplemental Brief (R-13), does Petitioner establish that there is no significant likelihood of his removal in the reasonable foreseeable future pursuant to *Zadvydas*. In fact, prior to the stay issued in his removal proceedings by the Eleventh Circuit, Petitioner was scheduled to be removed from the United States on a flight bound for Nigeria. For this reason, also, Petitioner's claim must fail.

As to Petitioner's assertion in his petition that he is being detained in a "very harsh environment," this court is without the authority to review his claim in the context of a § 2241 petition. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). A review of the circumstances of Petitioner's confinement, as opposed to the validity of his detention, is not properly brought in a habeas corpus action.

In his Response to the Respondent's Motion to Dismiss, as well as his Supplemental Response to the same, Petitioner raises a claim not raised in his original § 2241 petition. (R-12, 13). Specifically, Petitioner argues that he is actually a Gambian citizen, not a Nigerian citizen. The record reveals that Petitioner has professed to be a Nigerian citizen at all relevant times until he filed his response to the motion to dismiss, wherein he claims that his father was a citizen of Gambia and that he has no birth certificate to show that he was born in Nigeria. (R-12, p. 1). The court is not required to address an issue not raised in

Petitioner's original complaint. However, an examination of the record establishes that Petitioner's claim is disingenuous at best, and is wholly without merit.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing Petitioner Ifenatuora's right to file a new § 2241 petition in the future if a change in circumstances enable Petitioner to state a claim upon which habeas relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 27th day of April, 2010.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw